# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **ELIDA ORTEGA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:21-CV-00189** |
| | § | |
| **MCALLEN SPECIALTY** | § | |
| **SURGICAL CENTER, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF STATE COURT DOCUMENTS FOR REMOVAL**

The following documents are attached:

Exhibit A-1    Docket Sheet

Exhibit A-2    Plaintiff's Original Petition

Exhibit A-3    Citation to McAllen Specialty Surgical Center

Exhibit A-4    Defendant's Original Answer

Exhibit A-5    List of Counsel of Record

---

Respectfully submitted,

By:     /s/ Victor N. Corpuz
        Victor N. Corpuz
        Texas State Bar No. 04838450
        victor.corpuz@jacksonlewis.com
        Raha Assadi
        State Bar No. 24105444
        raha.assadi@jacksonlewis.com
        JACKSON LEWIS P.C.
        500 N. Akard, Suite 2500
        Dallas, Texas  75201
        Telephone: (214) 520-2400
        Fax: (214) 520-2008

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by filing with the ECF filing system on May 14, 2021, which will cause service to be made upon the following:

Carlos E. Hernandez, Jr.
LAW OFFICES OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504

**ATTORNEY FOR PLAINTIFF**
**ELIDA ORTEGA**

By:     /s/ Victor N. Corpuz

# EXHIBIT A-1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                                      Location : All Courts     Images

# REGISTER OF ACTIONS
## CASE NO. CL-21-1561-J

| Elida Ortega VS. McAllen Specialty Surgical Center, LTD | § § § § § | Case Type: | **All Other Civil Cases (OCA)** |
|---|---|---|---|
| | | Date Filed: | **04/13/2021** |
| | | Location: | **County Court at Law #10** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| Defendant | **McAllen Specialty Surgical Center, LTD** | **VICTOR N. CORPUZ** |
| | | *Retained* |
| | | 214-520-2400(W) |
| | | |
| | | **VICTOR N. CORPUZ** |
| | | *Retained* |
| | | 214-520-2400(W) |
| Plaintiff | **Ortega, Elida** | **JOSE G. GONZALEZ** |
| | | *Retained* |
| | | 956-731-4324(W) |

---

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 04/13/2021 | **Original Petition (OCA)** |
| | *Petition* |
| 04/14/2021 | **Citation Issued** |
| | *MCALLEN SPECIALTY SURGICAL CENTER, LTD / SENT VIA CERT. MAIL 9214 8901 0661 5400 0161 7001 80* |
| 05/14/2021 | **Answer** |
| | *Defendant's Original Answer* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Ortega, Elida | | | |
| | Total Financial Assessment | | | 418.00 |
| | Total Payments and Credits | | | 418.00 |
| | **Balance Due as of 05/14/2021** | | | **0.00** |
| | | | | |
| 04/13/2021 | Transaction Assessment | | | 418.00 |
| 04/13/2021 | EFile Payments from TexFile | Receipt # 2021-004161 | Ortega, Elida | (418.00) |

# EXHIBIT A-2

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

CAUSE NO. _____

| | | |
|---|---|---|
| ELIDA ORTEGA, | § | IN COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | AT LAW NO. _____ |
| | § | |
| MCALLEN SPECIALTY | § | |
| SURGICAL CENTER, LTD | § | |
| Defendant, | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF ELIDA ORTEGA'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

**COMES NOW, ELIDA ORTEGA,** (hereinafter referred to as Plaintiff) complaining of **MCALLEN SPECIALTY SURGICAL CENTER, LTD** (hereinafter referred to as the Defendant corporation or the Defendant employer), and for such causes of action would respectfully show unto the Court and the Jury, as follows:

I.

### Discovery Level

1.1 Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190.

II.

### Parties

2.1    Plaintiff, **ELIDA ORTEGA**, is an individual residing in Hidalgo County, Texas.

2.2    Defendant, **MCALLEN SPECIALTY SURGICAL CENTER, LTD** is a Texas

limited partnership duly licensed to conduct business in the State of Texas and may be

served by serving its registered agent, as follows:

**Mr. Victor H. Gonzalez**
**1401 E. Ridge Rd, Unit A**
**McAllen, Texas 78503**

2.3    Service of citation is requested *via Certified Mail, Return Receipt*

*Requested.*

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

III.

## Venue and Jurisdiction

3.1 Venue is proper in Hidalgo County, Texas in that the incident made the basis of this cause of action occurred in Hidalgo County, Texas.

IV.

## Exhaustion of Administrative Remedies

4.1 Within 300 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Equal Employment Opportunity Commission, alleging that the Defendant employer had committed unlawful employment practices against the Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows:

| | |
|---|---|
| Formal Complaint Filed: | December 14, 2020 |
| Notice of Right to File A Civil Action Letter Received: | January 13th, 2021 |

On January 13th, 2021, Plaintiff received from the Equal Employment Opportunity Commission, Plaintiff's Notice of Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff's statutory claims have been filed within ninety days of its receipt. A copy of this notice is attached as Exhibit "A" and is incorporated for all purposes by reference. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

V.

## Factual Background

5.1 Plaintiff Elida Ortega accepted employment with the Defendant employer on or about September 26th, 2006 with the Environment Services department. During her 14-year career, the Plaintiff faithfully performed all the duties assigned to her with loyalty, dedication and hard work. At the time of her unlawful termination, Plaintiff Elida Ortega was last earning $26,000 annually plus fringe benefits. Plaintiff was last employed with the Defendant **MCALLEN SPECIALTY**

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

**SURGICAL CENTER, LTD** in McAllen, Hidalgo County, Texas on or about March 07, 2020. At the time of her termination, Plaintiff was 58 years old (DOB: XX-XX-61).

5.2 During the last six months of her employment, Plaintiff was subjected to age animus, disparate treatment and/or a hostile work environment by Plaintiff's employer. Plaintiff would show that at the time of her illegal termination that she was in the protected class of age (58) and disability (diabetes, high blood pressure); that she was qualified for her job; that she was terminated and that she was replaced by a younger worker. Plaintiff's termination was on account of her age or that she was treated differently than persons outside the protected class. Plaintiff would show unto the Court that she was treated differently than her younger counterparts. On September 24th, 2019, Plaintiff's supervisor, Bernadette Anzaldua subjected plaintiff to a hostile work environment, so much that Plaintiff requested the assistance and/or intervention of Human Resources and Dr. Gonzalez. Shortly after reporting Ms. Anzaldua's actions, Plaintiff's was subjected to retaliation, Ms. Anzaldua continuously reduced Plaintiff's hours and/or continued to subject Plaintiff to a hostile work environment.

5.3 On or about October 2nd, 2019, again Plaintiff requested the intervention of Dr. Gonzalez after the hostility she was forced to endure became unbearable, even then no remedial action was taken. On March 7th, 2020, Plaintiff was terminated for alleged "failure to follow protocol" by Ms. Anzaldua. Two days before Plaintiff's termination, Plaintiff's sister was admitted to the Intensive Care Unit. Plaintiff originally requested three days off to ensure she would be available for any situation with regard to her sister's needs and/or health. On the third day, Plaintiff contacted her lead technician, Esther Salinas, and asked if she could return to work to which Ms. Salinas responded, "yes, you may come back, the OR's need to be cleaned." Since Ms. Salinas was the lead technician, Plaintiff was in fact following "protocol".

5.4 Plaintiff asserts that the true reason for her unceremonious termination was because she was discriminated against based upon her age and/or disabilities in violation of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, and Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges that there was no legitimate business justification for her termination in that the Plaintiff had always performed a satisfactory, if not exemplary job for the Defendant company during her employment. Plaintiff further asserts and intends to prove that the mistreatment received by Plaintiff including but not limited to, age discrimination and disability discrimination among other things, was part of a pattern and practice engaged in by the Defendant towards the Plaintiff and others similarly situated

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

VI.

**Causes of Action - Wrongful Discharge**

A.    **Violations of the of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, and Title VII of the Civil Rights Act of 1964, as amended.**

6.1 Plaintiff re-alleges the allegations contained in Section V, entitled *Factual Background.*

6.2 On or about March 03, 2020, Plaintiff was unceremoniously terminated due to the culmination of discriminatory conduct directed against her by the Defendant employer. The Defendant employer discriminated against this Plaintiff and wrongfully terminated her because she exercised her statutory rights under of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The Plaintiff alleges that her termination was part of a larger unwritten plan or scheme of the Defendant employer to discriminate against older and/or disabled employees.

**Discrimination by Employer**

An employer commits an unlawful employment practice if because of race, color, *disability,* religion, sex, national origin, or *age,* the employer:

1.    *Fails or refuses to hire* an individual, *discharges an individual, or discriminates in any other manner against the individual in connection* with *compensation or the terms, conditions, or privileges of employment*; or

2.    *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an *individual of any employment opportunity or adversely affect in any other manner the status of the employee.*

(West 2017) (emphasis added).

4

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

**Retaliation**

> An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency ***retaliates*** or ***discriminates*** against a person who, under this Chapter:
>
> 1. ***Opposes discriminatory practice***;
>
> 2. Makes or files a charge;
>
> 3. Files a complaint; or
>
> 4. Testifies, assists or participates in any manner in an investigation, proceeding or hearing.
>
> (West 2017)  (emphasis added)

6.3 As a result of the discriminatory treatment, her ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

VII.

**Actual Damages**

7.1 As a result of the incident made the basis of this suit, Plaintiff Elida Ortega has incurred damages in the following respects:

**A.     Lost Earnings and Special Damages**

7.2 At the time of the incident complained of, Plaintiff was gainfully employed with the Defendant employer with the Environment Services department. As a proximate result of the wrongful acts of the Defendant employer, the Plaintiff was unable to attend to her usual occupation and thereby suffered a loss of income for which she hereby sues. As a result of the wrongful acts of the Defendant employer, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**B.     Past and Future Mental Anguish**

5

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

7.3 As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, mental anguish, loss of enjoyment of life, pain and suffering, inconvenience and other hedonic damages. The Plaintiff has suffered feelings of anxiety, despair, depression, restlessness, worthlessness, embarrassment and/or inferiority. The Plaintiff has further suffered ill-health effects including but not limited to sleeplessness, depression, anxiety, agitation and loss of self-esteem due to the defendant's discriminatory treatment directed towards her and her wrongful termination. In all reasonable probability, the Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, mental anguish, loss of enjoyment of life, pain and suffering, inconvenience and other hedonic damages.

VIII.

**Attorney's Fees**

8.1 By reason of the allegations of this petition and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that she has employed the undersigned attorney to assist her in the prosecution of this action.

8.2 Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit.  A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case.

8.3 Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate attorneys, paralegals, legal assistants and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

## IX.

### Exemplary Damages

9.1 The conduct of the Defendant employer, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant **MCALLEN SPECIALTY SURGICAL CENTER, LTD's** management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant **MCALLEN SPECIALTY SURGICAL CENTER, LTD** acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant **MCALLEN SPECIALTY SURGICAL CENTER, LTD** and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant **MCALLEN SPECIALTY SURGICAL CENTER, LTD** as a result of its egregious violations of the law.

## X.

### Demand for Trial by Jury

10.1 Plaintiff, by and through her attorney of record, and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee with the County Clerk of Hidalgo County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **ELIDA ORTEGA,** prays that this Honorable Court grant the following:

(1)    Judgment against the Defendant, **MCALLEN SPECIALTY SURGICAL CENTER, LTD,** for all of the Plaintiff's damages. Plaintiff would respectfully request that should the jury after evaluating all of the credible evidence and after so finding liability based upon the preponderance of the credible evidence in this matter; then in such an event, and if also so found by the jury, Plaintiff would then request damages in line with the credible evidence presented that would fairly and reasonably compensate the Plaintiff for all of the harms and losses that she has sustained throughout this ordeal;

(2)    Punitive damages;

(3)    Attorney's fees;

Electronically Submitted
4/13/2021 3:24 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-21-1561-J**

(4)    Pre-judgment interest allowed by law;

(5)    Interest on said judgment at the legal rate from the date of judgment;

(6)    For costs of suit herein; and

(7)    For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which she shall forever pray.

Respectfully submitted,

**LAW OFFICES OF**
**JOSE G. GONZALEZ**
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504
Telephone: (956) 731-4324
Facsimile: (956) 731-4327

By:*/s/Carlos E. Hernandez Jr.*
**Carlos E. Hernandez, Jr., Of Counsel**
State Bar No. 00787681
Attorneys for Plaintiff
**ELIDA ORTEGA**

CL-21-1561-J

# EXHIBIT A.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Elida Ortega<br>701 Cedar Ave<br>Mcallen, TX 78501 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |  |

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 451-2021-00672 | Danita Anderson-Richards, Investigator | | (210) 640-7536 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Jose Colon-Franqui
Digitally signed by Jose Colon-Franqui
DN: cn=Jose Colon-Franqui, o=EEOC, ou=Equal Employment
Opportunity Commission, email=jose.colon-franqui@eeoc.gov, c=US
Date: 2021.01.11 07:24:28 -06'00'

For                    1/13/2021

Enclosures(s)

**Travis G. Hicks, Director**                    *(Date Mailed)*

cc:   **MCALLEN SPECIALTY SURGICAL CENTER, LTD.**
      Lisette Salas
      **Human Resources/Personnel Manager**
      **1309 East Ridge Road, Suite 3**
      **Mcallen, TX 78503**

      Elida Ortega
      c/o Carlos E. Hernandez
      **LAW OFFICE OF JOSE G. GONZALEZ**
      **4129 N. 22nd St., Suite 3**
      **Mcallen, TX 78504**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT A-3

**CAUSE NO. CL-21-1561-J**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

    To: MCALLEN SPECIALTY SURGICAL CENTER, LTD
        REGISTER AGENT MR VICTOR H GONZALEZ
        1401 E RIDGE RD UNIT A
        MCALLEN TX 78503

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #10 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said Plaintiff's Petition was filed in said Court, on the 13th day of April, 2021 in this Cause Numbered CL-21-1561-J on the docket of said Court, and styled,

**ELIDA ORTEGA**
**vs.**
**MCALLEN SPECIALTY SURGICAL CENTER, LTD**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    JOSE G. GONZALEZ
    4129 N 22ND STREET STE 3
    MCALLEN TX 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 14th day of April, 2021.

            ARTURO GUAJARDO, JR.
            COUNTY CLERK, HIDALGO COUNTY, TEXAS
            100 N. CLOSNER
            EDINBURG, TEXAS 78539
            COUNTY COURT AT LAW #10

            BY _____ DEPUTY
                ALMA NAVARRO

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____


By: _____       By: _____
      CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____


By; _____       By: _____
      CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE


**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 20____.


_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



9214 8901 0661 5400 0161 7001 80

**RETURN RECEIPT (ELECTRONIC)**

**CL-21-1561-J**

MCALLEN SPECIALTY SURGICAL CENTER, LTD
REGISTERED AGENT, MR VICTOR H GONZALEZ
1401 E RIDGE RD STE A
**MCALLEN, TX 78503-1525**

CUT / FOLD HERE

Zone 1

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

iMpbCertified8x5Label v2016.09.29.91

# EXHIBIT A-4

Electronically Submitted
5/14/2021 4:26 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

## CAUSE NO. CL-21-1561-J

| | | |
|---|---|---|
| ELIDA ORTEGA, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | AT LAW NO. 10 |
| | § | |
| MCALLEN SPECIALTY | § | |
| SURGICAL CENTER, LTD., | § | |
| | § | |
| **Defendant.** | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant McAllen Specialty Surgical Center, Ltd. ("Defendant"), files its Original Answer to Plaintiff Elida Ortega's ("Plaintiff") Original Petition ("Petition").

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of each and every allegation contained in the Petition and demands strict proof thereof by a preponderance of the evidence to satisfy Plaintiff's burden of proof.

### II.
### DEFENSES AND/OR AFFIRMATIVE DEFENSES

Defendant further alleges the following defenses and affirmative defenses to the purported causes of action in the Petition as follows:

1.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands, and/or after-acquired evidence.

2.     Defendant specifically invokes all statutory limitations of liability applicable to any and all asserted causes of action in this case.

---

Electronically Submitted
5/14/2021 4:26 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

3.      Some or all of Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies or otherwise comply with all conditions precedent to the filing of claims asserted in this action.

4.      Defendant affirmatively asserts that Plaintiff is not entitled to any or all of the relief sought in the Petition.

5.      Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted.

6.      Defendant affirmatively asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injury.

7.      Any action taken outside the course and scope of an employee's employment and contrary to Defendant's policies, was not ratified, confirmed, or approved by Defendant.

8.      Plaintiff's claims are barred in whole or in part because Defendant took prompt, effective, remedial action to end all objectionable conduct when it became aware of such alleged objectionable conduct.

9.      Defendant asserts that it would have made the same employment decision regarding Plaintiff for lawful reasons regardless of any alleged unlawful motive established by Plaintiff; nonetheless, Defendant denies that unlawful motives played any role whatsoever in Plaintiff's employment.  Defendant asserts that all employment decisions affecting Plaintiff were based on legitimate business reasons.

10.     All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were in

Electronically Submitted
5/14/2021 4:26 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

no way related to Plaintiff's age or disability or alleged attempts to exercise her rights under any state or federal statute.

11.     If any improper, illegal, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

12.     If any improper, illegal, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

13.     Plaintiff failed to take reasonable steps to adequately mitigate her alleged damages.

14.     Defendant is entitled to an offset for income, compensation, and benefits that Plaintiff received after the employment decision at issue.

15.     Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

16.     Defendant invokes all applicable damages caps or limitations.

17.     Plaintiff's claims for punitive or liquidated damages are barred to the extent they are in violation of the Constitutions of the United States and the State of Texas, or any other applicable law.

18.     Plaintiff has no evidence of, and cannot show that Defendant acted with, actual malice or with grossly intentional, willful and/or wanton action.

Electronically Submitted
5/14/2021 4:26 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

19.     Defendant made good-faith efforts to prevent discrimination and retaliation in the workplace and to comply with federal and state law prohibiting discrimination and retaliation in employment.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiffs fail to state a claim for punitive or exemplary damages.

20.     Defendant asserts that claims its entitlement to recover attorneys' fees and costs of suit.

21.     In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available upon the completion of discovery.

## PRAYER

Defendant respectfully requests that Plaintiff take nothing by her claims, that Plaintiff's claims against Defendant be dismissed with prejudice, that the Court enter final judgment in its favor, and that Defendant recover all costs, including reasonable attorneys' fees, together with such other and further relief, at law or in equity, to which it may be justly entitled.

Electronically Submitted
5/14/2021 4:26 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

Respectfully submitted,

By:     */s/ Victor N. Corpuz*
        Victor N. Corpuz
        Texas State Bar No. 04838450
        victor.corpuz@jacksonlewis.com
        Raha Assadi
        State Bar No. 24105444
        raha.assadi@jacksonlewis.com
        JACKSON LEWIS P.C.
        500 N. Akard, Suite 2500
        Dallas, Texas  75201
        Telephone: (214) 520-2400
        Fax: (214) 520-2008

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon the attorney of record in the above cause in accordance with the Texas Rules of Civil Procedure on this 14th day of May, 2021.

Carlos E. Hernandez, Jr.
LAW OFFICES OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504

**ATTORNEY FOR PLAINTIFF
ELIDA ORTEGA**

        */s/ Victor N. Corpuz*
        Victor N. Corpuz

---

# EXHIBIT A-5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **ELIDA ORTEGA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **MCALLEN SPECIALTY** | § | |
| **SURGICAL CENTER, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**LIST OF COUNSEL OF RECORD**</u>

The following is a list of counsel of record for the parties:

Victor N. Corpuz
State Bar No. 04838450
victor.corpuz@jacksonlewis.com
Raha Assadi
State Bar No. 24105444
raha.assadi@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Fax: (214) 520-2008

ATTORNEYS FOR DEFENDANT
MCALLEN SPECALITY SURGICAL
CENTER, LTD.

Carlos E. Hernandez, Jr.
State Bar No. 00787681
LAW OFFICES OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504

ATTORNEY FOR PLAINTIFF ELIDA
ORTEGA

Respectfully submitted,

By:     */s/ Victor N. Corpuz*
Victor N. Corpuz
Texas State Bar No. 04838450
victor.corpuz@jacksonlewis.com
Raha Assadi
State Bar No. 24105444
raha.assadi@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas  75201
Telephone: (214) 520-2400
Fax: (214) 520-2008

ATTORNEYS FOR DEFENDANT
MCALLEN SPECALITY SURGICAL
CENTER, LTD.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served by filing with the ECF filing system on May 14, 2021, which will cause service to be made upon the following:

Carlos E. Hernandez, Jr.
LAW OFFICES OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504

ATTORNEY FOR PLAINTIFF
ELIDA ORTEGA

By:     */s/ Victor N. Corpuz*